UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALLEN BERNARDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. ED CV 11-133-PLA<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on January 19, 2011, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on February 3, 2011, and February 11, 2011. Pursuant to the Court's Order, the parties filed a Joint Stipulation on October 17, 2011, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on December 6, 1968. [Administrative Record ("AR") at 66-67, 158, 164.] He has a twelfth grade education [AR at 66-67, 185], and past relevant work experience as a rifleman in the United States military and an assistant administrator. [AR at 59-60, 181-82, 240.]

Plaintiff filed an application for Disability Insurance Benefits on February 28, 2008, alleging that he has been unable to work since October 20, 2005, due to a stroke, depression, high blood pressure, carpal tunnel syndrome, and gout in both feet and legs. [AR at 179-86, 222-29, 233-39.] After his application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 68-78.] A hearing was held on September 11, 2009, at which time plaintiff appeared with counsel and testified on his own behalf. [AR at 16-65.] A medical expert, a vocational expert, and plaintiff's wife also testified. [AR at 21-29, 52-62.] On November 13, 2009, the ALJ determined that plaintiff was not disabled. [AR at 5-15.] On November 2, 2010, the Appeals Council denied plaintiff's request for review. [AR at 1-4.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th

Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.     THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied.  Id.  The claimant has the burden of proving that he is unable to perform

past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that, except during 2006, plaintiff had not engaged in any substantial gainful activity since his alleged disability onset date, October 20, 2005. [AR at 8, 10.][1] At step two, the ALJ concluded that plaintiff has the severe impairments of a history of stroke with residual peripheral vision impairment, a mood disorder not otherwise specified, and a history of bilateral carpal tunnel syndrome. [AR at 10.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[2] to perform "medium work" as defined in 20 C.F.R. § 404.1567(c).[3] [AR at 11.] The ALJ concluded that plaintiff is limited by the following restrictions, however: "no work near hazards; no work near unprotected heights; no work near dangerous machinery; no operating motorized equipment; limited to frequent manipulation bilaterally; limited to moderately complex tasks of up to 4- or 5-step instructions; with no public contact and occasional nonintense interaction with coworkers or supervisors; with no tasks requiring hypervigilance; and with no fast-paced work." [Id.] At step

---

[1]    The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2011. [AR at 10.]

[2]    RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3]    20 C.F.R. § 404.1567(c) defines "medium work" as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."

4

four, the ALJ concluded that plaintiff is capable of performing his past relevant work as an office helper.[4] [AR at 14.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 15.]

## V.
## **THE ALJ'S DECISION**

Plaintiff contends that: (1) the ALJ erred by relying on the vocational expert's testimony that plaintiff can perform his past relevant work as an office helper; (2) the ALJ failed to properly evaluate plaintiff's subjective symptom testimony; and (3) the ALJ failed to properly consider the lay witness testimony of plaintiff's wife. [Joint Stipulation ("JS") at 2-3, 14.] As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY**

Plaintiff contends that the ALJ failed to properly evaluate plaintiff's subjective symptom testimony.[5] [JS at 8-12.]

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.3d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first test, the ALJ may only reject the claimant's testimony about the severity of his symptoms upon (1) finding evidence affirmatively suggesting that the claimant was malingering, or (2) offering specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1999); see also Lingenfelter, 504

---

[4] At the hearing before the ALJ, the vocational expert classified plaintiff's assistant administrator work experience as the job of an office helper within the meaning of the Dictionary of Occupational Titles. [AR at 61.]

[5] As the ALJ determined plaintiff's RFC in part based upon his improper evaluation of plaintiff's subjective symptom testimony, discussed infra, the Court exercises its discretion not to address herein plaintiff's first and third contentions of error.

F.3d at 1036; Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

Plaintiff testified, in part, that he has pain "everywhere," including in his shoulders, right arm (due to carpal tunnel syndrome), knees, and ankles. [AR at 43, 48.] Specifically, he stated that "[his] ankles are just shot." [AR at 43.] Plaintiff testified that as a result of his pain, he cannot lift things and cannot run. [Id.] He also testified that he has trouble walking, as he sometimes "wobble[s]," and often inadvertently kicks things due to problems balancing and limited peripheral vision in his left eye. [AR at 39]. Plaintiff stated that he can only sit for 30 minutes at a time due to leg and back pain, and that he occasionally takes Mobic when his back pain "is too much." [AR at 44, 48.] He further testified that he can only stand "for a while" before having to sit down. [AR at 49.]

At step one of the two-step credibility analysis, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." [AR at 14.] Thus, at step two, as the record contains no evidence of malingering by plaintiff,[6] the ALJ was required to offer "specific, clear and convincing reasons" for rejecting plaintiff's subjective symptom testimony. See Lingenfelter, 504 F.3d at 1036. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

---

[6] The ALJ made no finding that plaintiff was malingering, nor does the evidence suggest plaintiff was doing so.

6

complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834); see also Dodrill, 12 F.3d at 918.

The ALJ rejected plaintiff's credibility because he found plaintiff's statements concerning the severity of his impairments to be inconsistent with: (1) the objective medical evidence; (2) plaintiff's "primary complaint at [the] hearing . . . that he wanted to remain a solider but was unable, because of his visual deficit, to do so"; (3) plaintiff's wife's testimony concerning plaintiff's "main problems"; and (4) plaintiff's testimony concerning his daily activities. [AR at 14.]

As to the first reason, while an ALJ may consider whether a lack of objective medical evidence supports the degree of limitation, this "cannot form the sole basis for discounting pain testimony." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). "The rationale for this restriction is that pain testimony may establish greater limitations than can medical evidence alone." Id. at 680 (citing Social Security Ruling[7] 96-7p). Thus, even assuming the ALJ's characterization of the medical evidence is supported by substantial evidence, the ALJ may rely upon this rationale only if his other reasons for discounting plaintiff's credibility are proper. They are not.

The second reason the ALJ provided for discounting plaintiff's credibility is that plaintiff's "primary complaint at [the] hearing was that he wanted to remain a solider but was unable, because of his visual deficit, to do so." [AR at 14.] In addition to testifying about his visual impairment, however, plaintiff also testified that he has pain in his shoulders, arms, knees, and ankles, that he has difficulty walking, that he can only stand for short periods, and that he can only sit for 30 minutes at a time due to leg and back pain. The ALJ failed to mention plaintiff's complaints of pain in his shoulders, arms, back, legs, knees, and ankles. Moreover, even assuming that the ALJ correctly summarized plaintiff's testimony as complaining primarily about his inability to remain a soldier due to his visual deficit, that characterization does not contradict plaintiff's testimony concerning his pain. Thus, it was error for the ALJ to ignore plaintiff's

---

[7] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

complaints regarding pain in order to justify his conclusion. See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence"); Whitney v. Schweiker, 695 F.2d 784, 788 (7th Cir. 1982) ("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.") (citation omitted).

Third, the ALJ also appeared to find plaintiff incredible because, according to the ALJ, plaintiff's wife's "agreed [with plaintiff] that [plaintiff's] main problems related to his emotional response to his inability to continue soldiering." [AR at 14.]

Lay witness testimony is "qualified evidence" that the ALJ must consider. See Sprague v. Bowen, 812 F.2d 1226, 1231-32 (9th Cir. 1987). The ALJ may reject lay testimony only for "reasons that are germane to each witness." See Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999). Testimony from lay witnesses who see the plaintiff on a daily basis (and who are often family members) is of noted value. Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996); see Dodrill, 12 F.3d at 919 ("[a]n eyewitness can often tell whether someone is suffering or merely malingering . . . this is particularly true of witnesses who view the claimant on a daily basis. . . .").

Despite the ALJ's characterization that plaintiff's wife "agreed [with plaintiff] that [plaintiff's] main problems related to his emotional response to his inability to continue soldiering," plaintiff's wife testified that plaintiff has significant physical limitations. She stated that she has to do "everything," including cleaning, cooking, driving their children to school, and driving plaintiff to his appointments, because plaintiff is unable to do those things. [AR at 53.] She testified that plaintiff cannot lift the laundry due to wrist pain, cannot vacuum due to wrist and shoulder pain, and complains of knee pain when he goes up the stairs. [AR at 53, 56.] Finally, when the ALJ asked plaintiff's wife if she thought plaintiff could work if he were not depressed, she stated that she did not think so because she did not believe he would "last in a job because of his physical condition." [AR at 57.] Plaintiff's wife's testimony was therefore consistent with plaintiff's own testimony that he cannot lift things and that he has debilitating pain in his shoulders and knees. The Court finds that the ALJ misstated plaintiff's wife's testimony to justify his conclusion and did not give specific

reasons germane to plaintiff's wife to reject the portions of her testimony regarding plaintiff's physical limitations. This was error. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for an ALJ to ignore or misstate competent evidence in order to justify his conclusion). See also Reddick, 157 F.3d at 722-23 (inaccurate paraphrasing of records supports reversal).

Finally, the ALJ found plaintiff's daily activities of "walking and picking up after the dogs, preparing light meals, and watching TV" to be inconsistent with limitations more severe than the limitations in the ALJ's RFC determination. [AR at 14.]

Generally speaking, if a claimant has the ability to perform activities "that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent [him] from working." See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Engaging in some household chores or activities, however, is not necessarily inconsistent with a finding of disability. See Gallant, 753 F.2d at 1453 (benefits awarded on appeal to a claimant experiencing constant leg and back pain, despite the claimant's ability to cook and wash dishes); see also Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (stating that ability to assist with some household tasks was not determinative of disability) (citing Smith v. Califano, 637 F.2d 968, 971 (3rd Cir. 1981) (disability claimant need not "vegetate in a dark room excluded from all forms of human and social activity")).

The Court finds that the ALJ's summary of plaintiff's daily activities misstates plaintiff's testimony regarding those activities. Plaintiff testified that he "walk[s] [the dog] a little bit around the yard," and that he has picked up after the dog. [AR at 50.] He also testified that he does not cook, but can microwave food and make sandwiches. [Id.] Finally, plaintiff stated that he watches TV, but only for 30 minutes at a time. [AR at 48, 50-51.] These activities are consistent with plaintiff's testimony that he can only stand "for a while" before having to sit down and that he can only sit for 30 minutes before needing to get up and move around due to leg and back pain. The Court finds that it was error for the ALJ to mischaracterize plaintiff's testimony concerning his daily activities to justify his conclusion. See Gallant, 753 F.2d at 1456; see also Reddick, 157 F.3d at 722-23.

The ALJ offered no legally adequate reason for discounting plaintiff's credibility. Remand is warranted.

## VI.
## CONCLUSION

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to properly evaluate plaintiff's subjective symptom testimony. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: November 16, 2011

/s/ Paul L. Abrams

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE